# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFTON WILLIAMS, JR., <br><br> Plaintiff, <br><br> v. <br><br> THE PEOPLE OF THE STATE OF CALIFORNIA, et al., <br><br> Defendants. | Case No. 1:22-cv-00044-DAD-SAB <br><br> SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT <br><br> (ECF No. 1) <br><br> THIRTY DAY DEADLINE |

Clifton Williams, Jr. ("Plaintiff"), proceeding pro se and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's complaint, filed on January 11, 2022. (ECF No. 1.)

## I.

## SCREENING REQUIREMENT

Notwithstanding any filing fee, the court shall dismiss a case if at any time the Court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners); Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (dismissal required of in forma pauperis

1

1 proceedings which seek monetary relief from immune defendants); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss in forma pauperis complaint under 28 U.S.C. § 1915(e)); Barren v. Harrington, 152 F.3d 1193 (9th Cir. 1998) (affirming sua sponte dismissal for failure to state a claim). The Court exercises its discretion to screen the plaintiff's complaint in this action to determine if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

In reviewing the pro se complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678. "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Therefore, the complaint must contain sufficient factual content for the court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff filed this complaint while incarcerated, however the allegations described occurred while Plaintiff was being arrested or while he was a pre-trial detainee, and/or in relation to court proceedings related to charges and custody. Plaintiff is not challenging his conditions of

confinement. The Court accepts Plaintiff's allegations in the complaint as true *only* for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

It appears Plaintiff is bringing this action against Defendants: (1) Stanislaus County District Attorney P. Hogan ("Hogan"); and (2) Modesto Police Department Officer Kathenne Blum ("Blum"). (Compl. 1,[1] ECF No. 1.) Plaintiff's complaint lists the following as causes of action: (1) false arrest; (2) harassment; (3) false imprisonment; (4) intentional infliction of emotional distress; (5) financial loss; (6) defamation/slander; and (7) falsely accused. (Id.)

Plaintiff alleges that on February 10, 2021, Defendant Blum falsely arrested him for violations of California Penal Code Sections 29800(a)(1) and 30305(a)(1),[2] in case numbers CR-21-001053, and CR-21-0010055. (Compl. 2.) Plaintiff states that Defendant Blum, knowing Plaintiff was not in violation of such violations, took Plaintiff to jail causing Plaintiff to bail out on a $50,000 bond during the COVID-19 pandemic at a time when he was drawing unemployment payments, and it was difficult to pay his expenses. (Id.) Plaintiff states that Defendant Hogan still filed a complaint and put Plaintiff through many court proceedings, failing to dismiss the false allegations, and doing everything in his power to wrongfully convict Plaintiff, until on October 8, 2021, at a probable cause hearing, a judge did not hold Plaintiff to answer. (Compl. 2-3.)

For the reasons discussed below, Plaintiff has failed to state a claim for a violation of his federal rights. Plaintiff shall be provided the opportunity to file an amended complaint to attempt to correct the deficiencies at issue.

### III.

### DISCUSSION

**A.  Federal Rule of Civil Procedure 8**

Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). "Such a statement must

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

[2] California Penal Code § 29800(a)(1) pertains to a felon in possession of a firearm, and § 30305(a)(1) pertains to a felon in possession of ammunition.

simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (citation and internal quotation marks omitted). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). This is because, while factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556-57; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). Therefore, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citations and internal quotation marks omitted).

As currently pled, Plaintiff's complaint does not contain enough factual details to permit the Court to draw the reasonable inference that any of the Defendants are liable for the misconduct alleged. Iqbal, 556 U.S. at 678. Plaintiff's allegations are vague and conclusory statements that charges were falsely brought against him. None of the actual events that occurred on February 10, 2021, are described in the filing. Plaintiff's only allegation against Hogan is the statement that Hogan filed a criminal complaint with false allegations. Plaintiff's allegation amounts to no more than a generalized conclusion that Defendants violated his rights, unsupported by specific facts. These conclusory statements, insufficiently supported by factual details, do not suffice to state any claim against the Defendant Hogan nor Defendant Blum. For these reasons, Plaintiff's complaint fails to comply with Rule 8's pleading standard.

If Plaintiff chooses to file an amended complaint, he should consider the legal standards the Court provides in the following sections.

**B.     Abstention**

Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief except under special circumstances. Younger v. Harris, 401 U.S. 37, 43-54 (1971). Younger abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings

4

involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. Middlesex County Ethics Comm. V. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Dubinka v. Judges of the Superior Court, 23 F.3d 218, 223 (9th Cir. 1994). The rationale of Younger applies throughout the appellate proceedings, requiring that state appellate review of a state court judgment be exhausted before federal court intervention is permitted. Dubinka, 23 F.3d at 223. This Court will not interfere in the on-going criminal proceedings currently pending against Plaintiff in state court.

Accordingly, to the extent Plaintiff seeks relief pertaining to state court proceedings that are ongoing and that provide their own review and procedural processes for addressing any constitutional violations that have not been exhausted, the Court will not interfere in such ongoing proceedings.

### C. Section 1983, Supervisory Liability, and Municipal Liability

Section 1983 provides a cause of action for the violation of a plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). To state a claim under section 1983, a plaintiff is required to show that (1) each defendant acted under color of state law and (2) each defendant deprived her of rights secured by the Constitution or federal law. Long, 442 F.3d at 1185 (9th Cir. 2006). There is no *respondeat superior* liability under section 1983, and therefore, each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 677. To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones, 297 F.3d at 934.

In other words, to the extent Plaintiff is attempting to make a claim against a district attorney that was not personally involved but was only acting as a supervisor, Plaintiff cannot state a claim unless they were personally and directly involved in the violation of his rights. It is somewhat unclear whether Plaintiff is making claims against a specific individual attorney involved, or the District Attorney's office or the District Attorney supervising others.

///

### D. Falsification of Police Records

As the Court found above, Plaintiff's bare factual allegations against Defendant Blum do not satisfy the requirements of Rule 8. The facts presented do not give rise to a claim for falsification of police records, nor for false arrest or false imprisonment based on such bare allegation of a false report.

Individuals have a constitutional due process right "not to be subjected to criminal charges on the basis of false evidence that was deliberately fabricated by the government." Devereaux v. Abbey, 263 F.3d 1070, 1074-75 (9th Cir. 2001) (en banc). To establish such a due process violation, a plaintiff must, at a minimum, allege either: (1) that government officials continued their investigation "despite the fact that they knew or should have known that [Plaintiff] was innocent;" or (2) "used investigative techniques that were so coercive and abusive that [they] knew or should have known those techniques would yield false information." Cunningham v. Perez, 345 F.3d 802, 811 (9th Cir. 2003) (quoting Devereaux, 263 F.3d at 1076).

Plaintiff fails to indicate in any specific detail how any officer mishandled any witness, or any specific evidence in a manner that demonstrates intentional falsification of any record or evidence. Plaintiff has not described how any prosecutor knowingly used false information in pursuing criminal charges that was obtained by any police officer. Plaintiff's bare conclusory allegations are not sufficient to establish a claim, and do not satisfy the requirements of Federal Rule of Civil Procedure 8 as the Court found above.

### E. Malicious Prosecution and Prosecutorial/Judicial Immunity

A claim for malicious prosecution or abuse of process is not generally cognizable under Section 1983 if a process is available within the state judicial system to provide a remedy. Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987) (citations omitted). The exception is "when a malicious prosecution is conducted with the intent to deprive a person of equal protection of the laws or is otherwise intended to subject a person to denial of constitutional rights." Id. (citations omitted). In order to prevail on a Section 1983 claim of malicious prosecution, a plaintiff "must show that the defendants prosecuted [him] with malice and without probable cause, and that they did so for the purpose of denying [him] equal protection or another

1  specific constitutional right." Freeman v. City of Santa Ana, 68 F.3d 1180, 1189 (9th Cir. 1995)
2  (citations omitted); see also Awabdy v. City of Adelanto, 368 F.3d 1062, 1066 (9th Cir. 2004);
3  Lacey v. Maricopa County, 693 F.3d 896, 919 (9th Cir. 2012).  A malicious prosecution claim
4  may be brought against prosecutors or against the individuals who wrongfully caused the
5  prosecution. Smith v. Almada, 640 F.3d 931, 938 (9th Cir. 2011).  Probable cause is an absolute
6  defense to malicious prosecution. Lassiter v. City of Bremerton, 556 F.3d 1049, 1054 (9th Cir.
7  2009).

8  In order to state a malicious prosecution claim, Plaintiff must show that the prior
9  proceeding was commenced by or at the direction of a defendant and it was: 1) pursued to a legal
10 termination favorable to plaintiff; 2) brought without probable cause; and 3) initiated with
11 malice.  Ayala v. Environmental Health, 426 F.Supp.2d 1070, 1083 (E.D. Cal. 2006).  For the
12 termination to be considered "favorable" to the malicious prosecution plaintiff, it must be
13 reflective of the merits of the action and of the plaintiff's innocence of the charges.  Villa v.
14 Cole, 4 Cal.App.4th 1327, 1335 (1992); Awabdy, 368 F.3d at 1068 ("An individual seeking to
15 bring a malicious prosecution claim must generally establish that the prior proceedings
16 terminated in such a manner as to indicate his innocence.").  In this regard, "a dismissal in the
17 interests of justice satisfies this requirement if it reflects the opinion of the prosecuting party or
18 the court that the action lacked merit or would result in a decision in favor of the defendant," and
19 "[w]hen such a dismissal is procured as the result of a motion by the prosecutor and there are
20 allegations that the prior proceedings were instituted as the result of fraudulent conduct, a
21 malicious prosecution plaintiff is not precluded from maintaining his action unless the
22 defendants can establish that the charges were withdrawn on the basis of a compromise among
23 the parties or for a cause that was not inconsistent with his guilt." Id.

24 Plaintiff has not alleged his case has been dismissed, which would be required to state a
25 claim for malicious prosecution.  As the Court explained above under the heading "Abstention,"
26 the Court will not interfere in ongoing state criminal proceedings.

27 Further, Plaintiff is advised that judges and prosecutors are immune from liability under §
28 1983 when they are functioning in their official capacities under proper jurisdiction. See Imbler

1  v. Pactman, 424 U.S. 409, 427 (1976); see also Olsen v. Idaho State Bd. of Medicine, 363 F.3d
2  916, 922 (9th Cir.2004) ("Absolute immunity is generally accorded to judges and prosecutors
3  functioning in their official capacities"); Ashelman v. Pope, 793 F.2d 1072, 1075-77 (9th
4  Cir.1986) (noting that judges are generally immune from § 1983 claims except when acting in
5  "clear absence of all jurisdiction . . . or performs an act that is not 'judicial' in nature," and
6  prosecutors are generally immune unless acting without "authority") (internal citations omitted);
7  Walters v. Mason, No. 215CV0822KJMCMKP, 2017 WL 6344319, at *2 (E.D. Cal. Dec. 12,
8  2017) (same); Forte v. Merced Cty., No. 1:15-CV-0147 KJM-BAM, 2016 WL 159217, at *12–
9  13 (E.D. Cal. Jan. 13, 2016) ("prosecutorial immunity protects eligible government officials
10 when they are acting pursuant to their official role as advocate for the state"), report and
11 recommendation adopted, No. 1:15-CV-0147-KJM-BAM, 2016 WL 739798 (E.D. Cal. Feb. 25,
12 2016); Torres v. Saba, No. 16-CV-06607-SI, 2017 WL 86020, at *3–4 (N.D. Cal. Jan. 10, 2017).
13 Where a prosecutor acts within his authority " 'in initiating a prosecution and in presenting the
14 state's case,' absolute immunity applies." Ashelman, 793 F.2d at 1076 (quoting Imbler, 424
15 U.S. at 431). This immunity extends to actions during both the pre-trial and posttrial phases of a
16 case. See Demery v. Kupperman, 735 F.2d 1139, 1144 (9th Cir. 1984).

17  Thus, to the extent Plaintiff is seeking relief against district attorney Hogan for actions
18 taken in an official capacity, such claims would generally be barred, and Plaintiff has not stated a
19 claim for malicious prosecution.

### F. Allegations of Slander and Defamation

21  Plaintiff claims for slander and defamation. To bring a claim for defamation in a Section
22 1983 action, Plaintiff must meet the "stigma-plus," or "defamation-plus" standard.

23  "To establish a claim for defamation under Section 1983, a plaintiff must first establish
24 defamation under state law." Flores v. City of Bakersfield, No. 1:17-CV-1393-JLT, 2019 WL
25 7038385, at *17 (E.D. Cal. Dec. 20, 2019) (citing Crowe v. County of San Diego, 242 F.Supp.2d
26 740, 746 (S.D. Cal. 2003)). Under California law, the elements of a defamation claim are: "(a) a
27 publication that is (b) false, (c) defamatory, and (d) unprivileged, and that (e) has a natural
28 tendency to injure or that causes special damage." Kaufman v. United Health Group Inc., 546

Fed. Appx. 691, 692 (9th Cir.2013) (quoting Taus v. Loftus, 40 Cal.4th 683, 54 Cal.Rptr.3d 775, 151 P.3d 1185, 1209 (Cal.2007)). To be actionable, an allegedly defamatory statement must, among other things, "contain a provably false factual connotation." Gilbrook v. City of Westminster, 177 F.3d 839, 861 (9th Cir.) (citation omitted). "Under California law, although a plaintiff need not plead the allegedly defamatory statement verbatim, the allegedly defamatory statement must be specifically identified, and the plaintiff must plead the substance of the statement. Jacobson v. Schwarzenegger, 357 F. Supp. 2d 1198, 1216 (C.D. Cal. 2004).

In a § 1983 action, injury to reputation alone is not enough to state a claim. "The procedural due process rights of the Fourteenth Amendment apply only when there is a deprivation of a constitutionally protected liberty or property interest." WMX Techs., Inc. v. Miller ("WMX II"), 197 F.3d 367, 373 (9th Cir. 1999). The Supreme Court has made it clear that reputation alone is not an interest protected by the Constitution. WMX II, 197 F.3d at 373; see Paul v. Davis, 424 U.S. 693, 706 (1976) ("the Court has never held that the mere defamation of an individual, whether by branding him disloyal or otherwise, was sufficient to invoke the guarantees of procedural due process absent an accompanying loss of government employment"). "[R]eputational harm alone does not suffice for a constitutional claim." Miller v. California, 355 F.3d 1172, 1178 (9th Cir. 2004). Absent a change in status, "any harm or injury to that interest . . . inflicted by an officer of the State, does not result in a deprivation of any 'liberty' or 'property' recognized by state or federal law." Paul, 424 U.S at 712. Plaintiff must demonstrate the loss of a recognizable property or liberty interest in conjunction with the allegation that they suffered injury to reputation. Miller, 355 F.3d at 1179; Cooper v. Dupnik, 924 F.2d 1520, 1532 (9th Cir. 1991), rev'd on other grounds, 963 F.2d 1220, 1235 n.6 (9th Cir. 1992)). A plaintiff can meet this test by showing that "injury to reputation was inflicted in connection with a federally protected right" or that "injury to reputation caused the denial of a federally protected right." Herb Hallman Chevrolet, Inc. v. Nash–Holmes, 169 F.3d 636, 645 (9th Cir. 1999); Cooper, 924 F.2d at 1532-33. This is referred to both as a "defamation-plus" or "stigma-plus" claim. See, e.g., Flores, 2019 WL 7038385, at *17.

Plaintiff has not put forth factual allegations that his reputation was injured in connection

with a federally protected right or that the damage caused him to be denied a federally protected right.  Even if Plaintiff could not meet the defamation-plus standard but *was* able to demonstrate defamation under California law, the Court would also decline to exercise supplemental jurisdiction over such state claim because Plaintiff failed to state a separate cognizable federal claim, as explained above.  See Ward v. Webber, No. 118CV00916SABPC, 2018 WL 3615853, at *3 (E.D. Cal. July 26, 2018) ("Because Plaintiff fails to state a cognizable federal claim, the Court will not exercise supplemental jurisdiction over his state law [slander] claim, even if he cures the deficiencies and states a claim.") (citing 28 U.S.C. § 1367(a); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001)).

### H. Intentional Infliction of Emotional Distress

Plaintiff lists a claim for intentional infliction of emotional distress.

The elements for a claim of intentional infliction of emotional distress under California law are: "(1) outrageous conduct by the defendant, (2) intention to cause or reckless disregard of the probability of causing emotional distress, (3) severe emotional suffering, and (4) actual and proximate causation of the emotional distress."  Wong v. Tai Jing, 189 Cal.App.4th 1354, 1376 (2010) (quoting Agarwal v. Johnson, 25 Cal.3d 932, 946 (1979)).  Conduct is "outrageous if it is 'so extreme as to exceed all bounds of that usually tolerated in a civilized community.' "  Simo v. Union of NeedleTrades, Industrial & Textile Employees, 322 F.3d 602, 622 (9th Cir. 2002) (quoting Saridakis v. United Airlines, 166 F.3d 1272, 1278 (9th Cir. 1999)).  The emotional distress must be "of such a substantial quantity or enduring quality that no reasonable man in a civilized society should be expected to endure it."  Simo, 322 F.3d at 622.

Given the legal standards and facts discussed above, Plaintiff has not stated sufficient facts pertaining to any named Defendant or unnamed individual that would rise to the level of intentional infliction of emotional distress.

## IV.

## CONCLUSION AND ORDER

Plaintiff has failed to state a cognizable claim for a violation of his federal rights in this action.  Plaintiff shall be granted leave to file an amended complaint to cure the deficiencies

identified in this order.  See Lopez, 203 F.3d at 1127.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Twombly, 550 U.S. at 555 (citations omitted).  Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The Clerk's office shall send Plaintiff a complaint form;
2. **Within thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;
3. Plaintiff's amended complaint shall not exceed twenty-five (25) pages in length and must be double spaced using font similar to the instant order; and
4. <u>If Plaintiff fails to file a first amended complaint in compliance with this order, the Court will recommend to the district judge that this action be dismissed, with prejudice, for failure to obey a court order, failure to prosecute, and for failure to state a claim</u>.

IT IS SO ORDERED.

Dated:  **February 24, 2022**

UNITED STATES MAGISTRATE JUDGE

11