# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFTON WILLIAMS, JR., | Case No. 1:22-cv-00044-DAD-SAB |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION FOR FAILURE TO STATE A CLAIM |
| v. | |
| PATRICK HOGAN, et al., | (ECF No. 8) |
| Defendants. | OBJECTIONS DUE WITHIN FOURTEEN DAYS |

**I.**

**INTRODUCTION**

Clifton Williams, Jr. ("Plaintiff"), proceeding pro se and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 25, 2022, the Court screened Plaintiff's complaint and granted leave to file a first amended complaint. (ECF No. 7.) Currently before the Court is Plaintiff's first amended complaint, filed on March 9, 2022. (ECF No. 8.) For the reasons discussed herein, it is recommended that Plaintiff's complaint be dismissed for failure to state a cognizable claim.

**II.**

**SCREENING REQUIREMENT**

Notwithstanding any filing fee, the court shall dismiss a case if at any time the Court

1 determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which
2 relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from
3 such relief." 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000)
4 (section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners);
5 Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (dismissal required of in forma pauperis
6 proceedings which seek monetary relief from immune defendants); Cato v. United States, 70
7 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss in forma pauperis
8 complaint under 28 U.S.C. § 1915(e)); Barren v. Harrington, 152 F.3d 1193 (9th Cir. 1998)
9 (affirming sua sponte dismissal for failure to state a claim). The Court exercises its discretion to
10 screen the plaintiff's complaint in this action to determine if it "(i) is frivolous or malicious; (ii)
11 fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a
12 defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

13       In determining whether a complaint fails to state a claim, the Court uses the same
14 pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a
15 short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R.
16 Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the
17 elements of a cause of action, supported by mere conclusory statements, do not suffice."
18 Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S.
19 544, 555 (2007)).

20       In reviewing the pro se complaint, the Court is to liberally construe the pleadings and
21 accept as true all factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89,
22 94 (2007). Although a court must accept as true all factual allegations contained in a complaint,
23 a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678. "[A]
24 complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops
25 short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting
26 Twombly, 550 U.S. at 557). Therefore, the complaint must contain sufficient factual content for
27 the court to draw the reasonable conclusion that the defendant is liable for the misconduct
28 alleged. Iqbal, 556 U.S. at 678.

## III.

## COMPLAINT ALLEGATIONS

Plaintiff filed this complaint while incarcerated, however the allegations described occurred while Plaintiff was being arrested or while he was a pre-trial detainee, and/or in relation to court proceedings related to charges and custody. Plaintiff is not challenging his conditions of confinement. The Court accepts Plaintiff's allegations in the complaint as true *only* for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

Plaintiff complaints names Defendants: (1) Deputy District Attorney P. Hogan ("Hogan"); and (2) Modesto Police Department Officer Kathlenne Blum ("Blum"). (First Am, Compl. ("FAC") 1,[1] ECF No. 8.) Plaintiff brings a claim for malicious prosecution brought without probable cause. (Id. at 4)

Plaintiff alleges that on February 10, 2021, Plaintiff was pulled over in traffic by Officer Blum, who claimed she pulled him over for not stopping at a stop sign. (Id. at 5.) A search of Plaintiff revealed nothing. (Id. at 6.) Officer Blum searched the passenger and found a firearm. Plaintiff and the passenger were arrested. (Id.) Plaintiff states the probable cause claimed by Officer Blum was the violation of the vehicle code, but she never wrote a citation for the stop sign violation. This led to a $50,000 bond despite District Attorney Hogan knowing these facts and not dismissing the case and continuing to maliciously prosecute Plaintiff, until October 8, 2021, when the judge did not hold Plaintiff at a probable cause hearing.

## IV.

## DISCUSSION

**A.     Judicial Notice of State Court Records**

Under the Federal Rules of Evidence a court may take judicial notice of a fact that is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Judicial notice

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

may be taken "of court filings and other matters of public record." Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001). The Court finds it may properly take judicial notice of the inmate records of the Stanislaus County Sheriff's Department, and of the court records of the Superior Court of California, County of Stanislaus. Id.

The relevant criminal case number was not provided in the FAC, however, Plaintiff's initial complaint identified the following state court case numbers: CR-21-001053, and CR-21-001055.[2] While Plaintiff states that he was not held to answer at a probable cause hearing held on October 8, 2021, a review of the inmate records of the Stanislaus County Sheriff's Department, and of the court records of the Superior Court of California, County of Stanislaus, demonstrates that Plaintiff is currently incarcerated in relation to this criminal case, and that the criminal action has not been dismissed, but rather is scheduled to proceed into trial.

Specifically, in case no. CR-21-001055, Plaintiff appears in custody as of April 14, 2022, according to the In Custody Report of the Stanislaus County Sheriff's Office. The Superior Court records confirm that in case no. CR-21-001055, an arraignment hearing was completed on July 12, 2021; a pretrial conference was continued on August 4, 2021, and completed on September 17, 2021; and a preliminary examination was completed on October 8, 2021. Thereafter, an arraignment on information hearing was held on October 22, 2021; jury trial setting hearings were held on December 9, 2021, and January 12, 2022; and a motion to suppress hearing was continued on February 8, 2022, and again on March 8, 2022, and is now currently scheduled to be heard on April 29, 2022. Thus, the criminal felony case filed on February 11, 2021, is currently open and ongoing in the Superior Court.

**B.     Abstention**

Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief except under special circumstances. Younger v. Harris, 401 U.S. 37, 43-54 (1971). Younger abstention is

---

[2] Case no. CR-21-001053, is the criminal case against Dawn Marie Lewis, the other person in the car, not the Plaintiff's case. A motion to suppress hearing is scheduled for April 29, 2022, in that action.

required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. Middlesex County Ethics Comm. V. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Dubinka v. Judges of the Superior Court, 23 F.3d 218, 223 (9th Cir. 1994). The rationale of Younger applies throughout the appellate proceedings, requiring that state appellate review of a state court judgment be exhausted before federal court intervention is permitted. Dubinka, 23 F.3d at 223. This Court will not interfere in the on-going criminal proceedings currently pending against Plaintiff in state court.

Accordingly, to the extent Plaintiff seeks relief pertaining to state court proceedings that are ongoing and that provide their own review and procedures for addressing any constitutional violations that have not been exhausted, the Court will not interfere in such ongoing proceedings.

**C.     Malicious Prosecution**

A claim for malicious prosecution or abuse of process is not generally cognizable under Section 1983 if a process is available within the state judicial system to provide a remedy. Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987) (citations omitted). The exception is "when a malicious prosecution is conducted with the intent to deprive a person of equal protection of the laws or is otherwise intended to subject a person to denial of constitutional rights." Id. (citations omitted). In order to prevail on a Section 1983 claim of malicious prosecution, a plaintiff "must show that the defendants prosecuted [him] with malice and without probable cause, and that they did so for the purpose of denying [him] equal protection or another specific constitutional right." Freeman v. City of Santa Ana, 68 F.3d 1180, 1189 (9th Cir. 1995) (citations omitted); see also Awabdy v. City of Adelanto, 368 F.3d 1062, 1066 (9th Cir. 2004); Lacey v. Maricopa County, 693 F.3d 896, 919 (9th Cir. 2012). A malicious prosecution claim may be brought against prosecutors or against the individuals who wrongfully caused the prosecution. Smith v. Almada, 640 F.3d 931, 938 (9th Cir. 2011). Probable cause is an absolute defense to malicious prosecution. Lassiter v. City of Bremerton, 556 F.3d 1049, 1054 (9th Cir. 2009).

In order to state a malicious prosecution claim, Plaintiff must show that the prior

1 proceeding was commenced by or at the direction of a defendant and it was: 1) pursued to a legal 2 termination favorable to plaintiff; 2) brought without probable cause; and 3) initiated with 3 malice. Ayala v. Environmental Health, 426 F.Supp.2d 1070, 1083 (E.D. Cal. 2006); see also 4 Thompson v. Clark, 142 S. Ct. 1332 (2022) ("In sum, we hold that a Fourth Amendment claim 5 under § 1983 for malicious prosecution does not require the plaintiff to show that the criminal 6 prosecution ended with some affirmative indication of innocence. A plaintiff need only show 7 that the criminal prosecution ended without a conviction.").

8 Based on the Court's review and taking of judicial notice of the above ongoing state 9 proceedings, the Court finds the relevant state criminal action against Plaintiff has not been 10 terminated in a manner favorable to the Plaintiff, and has not shown that the criminal prosecution 11 has ended without a conviction. Thompson, 142 S. Ct. 1332 .

12 / / /
13 / / /
14 / / /
15 / / /
16 / / /
17 / / /
18 / / /
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

## V.

## CONCLUSION AND RECOMMENDATION

The Court finds Plaintiff has failed to state a cognizable claim for a violation of his federal rights in this action.

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's first amended complaint filed March 9, 2022 (ECF No. 8), be DISMISSED for failure to state a cognizable claim.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within **fourteen (14) days** of service of this recommendation, Plaintiff may file written objections to this findings and recommendations with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 15, 2022**

UNITED STATES MAGISTRATE JUDGE